IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BERT PATCHIN,

    **Plaintiff,**

                          Case No. 2:17-cv-46
                          Judge Michael H. Watson
    v.                     Magistrate Judge Elizabeth P. Deavers

**GULFPORT ENERGY CORP.,**
*et al.*,

    **Defendants.**


**REPORT AND RECOMMENDATION**

This matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion to Remand to State Court. (ECF Nos. 5 and 6.)[1] and Defendants' Responses in Opposition (ECF Nos. 7 and 8). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

**I.**

On November 17, 2016, Plaintiff, Bert Patchin, filed this personal injury action in the Court of Common Pleas of Monroe County, Ohio, naming three Defendants: Gulfport Energy Corporation ("Gulfport"), Patriot Drilling Fluids, LLC ("Patriot"), and Patterson-UTI Drilling Company, LLC ("Patterson"). (ECF No. 3).[2] Plaintiff served Gulfport and Patterson via certified mail on or about November 18, 2017, and December 19, 2016, respectively. (ECF No.

---

[1] Plaintiff has filed the motion (ECF No. 5) separately from the supporting memorandum (ECF No. 6).

[2] Plaintiff also lists "John Doe, an unknown entity," as a Defendant. *Id*.

1-5.)  Process was issued to Patriot c/o CT Corporation at 1300 E. 9th Street, Cleveland, Ohio 44114 via certified mail on November 17, 2016.  *Id*.

Patterson removed the action to this Court on January 13, 2017, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (ECF No. 1.)  In its Notice of Removal (ECF No. 1), Patterson represented that Gulport consented to removal and attached Gulfport's consent to removal.  (ECF Nos. 1 and 1-3.)  Patterson further represented that Patriot had not been served and that, as an unserved nonresident defendant, its was not required to join in or consent to the removal of the case.  (ECF No. 1, ¶¶ 28–29.)  Plaintiff later filed its Motion to Remand, which is now ripe for review.

## II.

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871 (6th Cir. 2000).  Under 28 U.S.C. § 1446, "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal. . . ." 28 U.S.C. § 1446(a).  Where there is more than one defendant, the "'rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.'"  *Loftis v. United Parcel Serv., Inc*., 342 F.3d 509, 516 (6th Cir. 2003) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 533 n. 3 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000)); *see also Hicks v. Emery Worldwide, Inc*., 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003) ("Each of the Defendants had thirty days from the date that it received service either to remove the action or to consent to

removal by a co-defendant."). Because "the expression of consent must be unambiguous[,]" "the a non-removing defendant's filing of motions or pleadings in the federal court, without explicitly indicating consent to or joinder in the removal, is insufficient to satisfy the requirements of § 1446." *Hicks*, 254 F. Supp. 2d at 975–76 (internal quotation marks and citations omitted). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516.

However, three exceptions exist to the rule of unanimity: "(1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Hicks*, 254 F. Supp. 2d at 973 n.4 (citing *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, n.8 (6th Cir. 1994)).

Finally, the removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved against removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

**III.**

Plaintiff moves to remand this action, arguing that the Notice of Removal is defective because Patterson failed to obtain Patriot's consent when removing the case and that none of the three exceptions apply. According to Plaintiff, the Notice of Removal incorrectly represents that Patriot was an unserved Defendant at the time of removal because Patriot was, in fact, served on November 21, 2016, at 9:07 a.m. (ECF No. 6, pp. 2, 5.) In support of its position, Plaintiff relies on journal entries from the Court of Common Pleas of Monroe County, Ohio ("the state court"), which reflects, *inter alia*, the following entry:

**11/21/16**
- CERTIFIED MAIL # 6900 9997 9016 1166 4629 SERVED TO PATRIOT DRILLING FLUIDS, LLC

(ECF No. 1-5, PAGEID # 31.)

Plaintiff also relies on an e-mail from his counsel's paralegal, Wendy Notni, purporting to memorialize Ms. Notni's conversation with someone from the state court's clerk's office: "Per Wanda in the Clerk's office, Patriot was served by certified mail on 11/21/16 at 9:07 a.m. But the green card wasn't signed. It was returned unsigned. See attached that she faxed to me today." (ECF No. 6-1, PAGEID # 68.) The attached copy of a printout containing tracking information from United States Postal Service ("USPS") indicates that certified mail was delivered to Patriot on November 21, 2017, but the green card addressed to Patriot's attention is unsigned. (ECF No. 6-1, PAGEID # 69.)

Patterson, however, contends that this evidence establishes that Patriot was not, in fact, served with process at the time Patterson filed the Notice of Removal and, therefore, the first exception to the rule of unanimity applies. (ECF No. 7.)[3] Patterson's arguments are well taken.

Federal Rule of Civil Procedure 4(e)(1) authorizes service of process in accordance with applicable law. Ohio law authorizes service of process by certified mail by the clerk of court upon a limited liability company "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1)[.]" Ohio Civ. R. 4.1(A)(1)(a) and 4.2(G). Rule 4.1(A)(1)(a) specifically explains that service of process by certified mail is "[e]videnced by return receipt signed by any person[.]" Notably, "[a] signed return receipt raises a presumption of proper service, which can be rebutted with evidence that service never

---

[3] Gulfport agrees with and incorporates by reference Patterson's arguments. (ECF No. 8.)

occurred." *Breezley v. Hamilton Cty.*, No. 16-3345, 2017 WL 36148, at *3 (6th Cir. Jan 4, 2017) (citing *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App. 3d 233 (1996); *TCC Mgmt., Inc. v. Clapp*, No. 05AP–42, 2005 WL 2008677, at **3–4 (Ohio App. 10th Dist. Aug. 23, 2005)); *see also Brownfield v. Krupman*, 2015 WL 2452048, at *4 (Ohio App. 10th Dist. May 21, 2015) ("'When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.'" (quoting *Clapp*, 2005 WL 2008677, at *2)). Where "there is no signed return receipt in the record, valid service cannot be presumed." *Id*. at *5.

Nothing in the record presently before the Court establishes a presumption or prima facie case of service of process by certified mail on Patriot. While Plaintiff relies on a Journal Entry from the state court docket that the clerk effected service of process by certified mail on Patriot on November 21, 2016, and relies on hearsay regarding purported representations from "Wanda in the Clerk's office[,]" such reliance is misplaced. *See, e.g.*, *Wilcox v. Ohio Penal Indus.*, No. 1:07cv554, 2008 WL 3876756, at *3 (S.D. Ohio Aug. 20, 2008) (finding that, notwithstanding the Clerk's entry that "the summonses were returned executed, it does not appear that simply delivering certified mail packages to the SOCF institution, without the return of a green card receipt signed either by the addressee/defendants, or an authorized agent acting on their behalf, is sufficient under Fed. R. Civ. P. 4"). Here, it is undisputed that there is no signed return receipt evidencing such service at any time prior to the filing of the Notice of Removal on January 13, 2017. *See generally* ECF No. 6-1. Instead, the record reflects only an unsigned return receipt. *Id*. Based on this record, the Court concludes that there no evidence exists to prove that Patriot was served by certified mail in accordance with Ohio law before this case was removed. Fed. R. Civ. P. 4.1(A)(1)(a); *Brownfield*, 2015 WL 2452048, at *4. Because Patriot was an unserved

5

Defendant at the time of removal, its consent was not required to remove this action. *See Hicks*, 254 F. Supp. 2d at 973 n.4. It follows that Plaintiff's argument that the Notice of Removal is defective and warrants remand is therefore unavailing. For these reasons, it is **RECOMMENDED** that Plaintiff's Motion to Remand (ECF No. 5) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: June 14, 2017                             /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE